UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GINGER SIRI, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 20-10023-FDS |
| v. | ) ) | |
| THOMAS C. WHITE, in the capacity of Chief Operating Officer of ROCKLAND FEDERAL CREDIT UNION HOME EQUITY LINE OF CREDIT DEPARTMENT, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND**

**SAYLOR, C.J.**

This lawsuit arises out of the denial of a loan application. Plaintiff Ginger Siri applied for a home equity line of credit ("HELOC") from Rockland Federal Credit Union ("RFCU"), where defendant Thomas C. White is an officer. RFCU denied her application. Siri alleges that this denial violated the Fair Housing Act, the Equal Credit Opportunity Act, and state law.

Siri filed the complaint in the Superior Court on December 18, 2019. On January 7, 2020, White removed the case to this court based on federal-question jurisdiction.

Notwithstanding the stated basis of removal, Siri has moved to remand the case to the Superior Court on the ground that this Court lacks diversity jurisdiction. For the following reasons, the motion will be denied.

I.  **Background**

   A.  **Factual Background**

The facts are stated as set forth in the complaint.

Ginger Siri is a resident of Hingham, Massachusetts. (*See* Compl. at 3).

Thomas C. White is an officer of Rockland Federal Credit Union. (*See id.*).[1]

Siri is the mortgagor on a condominium unit in Hingham, MA. (*Id.* at 1). She applied to RFCU for a HELOC in an amount between $25,000 and $35,000. (*Id.* at 3). According to the complaint, she intended to use the HELOC to finance home repairs, including fixing her heating and insulation. (*Id.* at 2). The complaint alleges that she was qualified for a HELOC because she had paid off more than 80% of her mortgage and her credit score satisfied RFCU's lending requirements. (*Id.*).

Siri's application for a home equity line of credit was denied. (*Id.*). The complaint alleges that a loan officer told her that RFCU was "trying to get rid of [her] mortgage" because she had been declared bankrupt. (*Id.*).

Siri appealed to RFCU's loan committee. (*Id.*). According to the complaint, the appeal was denied without any proof that RFCU had conducted any income verification. (*Id.*).

   B.  **Procedural Background**

On December 18, 2019, Siri filed this action in the Superior Court. The complaint alleges that White is liable for negligence as well as violations of the Equal Credit Opportunity Act and the Fair Housing Act. It also alleges that RFCU itself committed negligence, "bad faith lending," and "discrimination practices." (*Id.* at 3).

---

[1] There is an inconsistency in the complaint about White's title at RFCU. The caption identifies him as the chief operating officer of RFCU, but elsewhere the complaint states that he is the chief executive officer. (Compl. at 3). The difference does not appear to matter for present purposes.

On December 20, 2019, counsel for defendant received a summons and a copy of the complaint. (Notice of Removal ¶ 2). On January 7, 2020, defendant removed the action to this Court, alleging federal-question jurisdiction under 28 U.S.C. § 1331.

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

A case removed from state court must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing defendant bears the burden of demonstrating the subject-matter jurisdiction of the federal court. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). "The removal statute is strictly construed, and any doubts about the propriety of removal are resolved in favor of remand to the state forum." *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 76 F. Supp. 3d 321, 327 (D. Mass. 2015).

## III.    Analysis

Federal-question jurisdiction extends to cases that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law generally depends on an evaluation of the "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). As a general proposition, a suit "arises under the law that creates the cause of action." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 8 (1983) (quotation omitted).

Here, the complaint alleges federal causes of action. It alleges violations of the Equal Credit Opportunity Act and the Fair Housing Act, both of which create private rights of action.

3

*See* 15 U.S.C. § 1691e(a) (providing a cause of action to sue for damages for violations of the Equal Credit Opportunity Act); 42 U.S.C. § 3613(a) (same for the Fair Housing Act). While the complaint does not cite to those specific statutory provisions, it alleges violations of the two relevant federal laws. Under the circumstances, that is sufficient to invoke the corresponding federal causes of action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations omitted).

The complaint also pleads at least one state-law cause of action—negligence. Because that claim also arises out of the denial of plaintiff's HELOC application, it and the federal-law claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Therefore, this Court may exercise supplemental jurisdiction over plaintiff's state-law claims under 28 U.S.C. § 1367.

Plaintiff contends that this Court lacks diversity jurisdiction under 28 U.S.C. § 1332. Specifically, she contends that there is not complete diversity because both parties are citizens of Massachusetts and the amount in controversy is below the statutory threshold of $75,000. But even if it is true that this Court lacks diversity jurisdiction over this case, it has federal-question jurisdiction for the reasons above. Accordingly, the motion to remand will be denied.

**IV. Conclusion**

For the foregoing reasons, plaintiff's motion to remand is DENIED.

**So Ordered.**

Dated: January 21, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court